IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.:   3:11cr105/RV/EMT
 3:14cv318/RV/EMT

GABINO ORTIZ SR.,
  Reg. No. 21235-017

---

### REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (doc. 139).  The Government has moved to dismiss this motion as untimely (doc. 141), and Defendant has responded in opposition thereto (doc. 143). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied and dismissed as untimely.  *See* Rules Governing Section 2255 Cases 8(a) and (b).

BACKGROUND and ANALYSIS

Defendant pleaded guilty to conspiracy to possess with intent to distribute and possession with intent to distribute cocaine (docs. 40–42, 104).  He was sentenced to concurrent terms of 180-months imprisonment on May 15, 2012 (doc. 83).  He did not appeal, and nothing further was filed in Defendant's case until he filed the instant motion to vacate pursuant to the prison mailbox rule on June 15, 2014 (doc. 114 at 8).  Defendant was directed to file an amended motion on the proper court form

and, after he complied, the court ordered the Government to respond (docs. 139, 140). The Government responded by moving to dismiss Defendant's motion as untimely (doc. 141).

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. The court entered judgment in Defendant's case on May 15, 2012. Defendant did not appeal, and therefore judgment became final when the 14-day time period for filing an appeal expires. *See* Fed. R. App. P. 4(b)(1)(A)(i); Medeiros v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000). Defendant's initial § 2255 motion was filed over two years after his conviction became final, and is thus facially untimely.

Defendant appears to contend that the instant motion is timely filed pursuant to § 2255(f)(3) because it was filed within one year of the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013) (*see* doc. 139-1 at 9, 13–16). His original motion was signed on June 15, 2014, just shy of one year from the June 17, 2013, Alleyne decision. However, even if Alleyne were applicable to the facts of Defendant's case, it is not retroactively applicable on collateral review. *See* Jeanty v. Warden, FCI Miami, 757 F.3d 1283, 1285 (11th Cir. 2014); United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014); *see also* United States v. Redd, 735 F.3d 88, 91 (2d Cir. 2013); United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013); In re Mazzio, 756 F.3d 487 (6th Cir. 2014). Therefore, Alleyne does not excuse the untimeliness of Defendant's motion.

Unless Defendant establishes his entitlement to equitable tolling, his motion is time barred. Jones v. United States, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and

unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 560 U.S. 631, 649 (2010) (citation omitted); Hutchinson v. Florida, 677 F.3d 1097, 1100 (11th Cir. 2012). It only applies in "truly extraordinary circumstances." Johnson, 340 F.3d at 1226 (citing Jones, 304 F.3d at 1039–40; Drew, 297 F.3d at 1286). The onus is on the moving defendant to show that he is entitled to this extraordinary relief. Johnson, 340 F.3d at 1226, Jones, 304 F.3d at 1040. The court will not relieve a petitioner who has sat upon his rights. United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing Coleman v. Johnson, 184 F.3d 398, 402–03 (5th Cir. 1999)). There is nothing in the record to indicate either that Defendant intended to rely upon the doctrine of equitable tolling, or to suggest that he would be entitled to do so. Therefore, Defendant's motion should be denied and dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

Case Nos.: 3:11cr105/RV/EMT; 3:14cv318/RV/EMT

1.The Government's motion to dismiss (doc. 141) be **GRANTED** and the motion to vacate, set aside, or correct sentence (doc. 139) be **DENIED and DISMISSED** as untimely.

2.A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 30th day of April 2015.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**